## In re Deposit of Cash in Lieu of Bail

*E. V. Bulleit*, for petitioner.

*J. Donald Swope*, for county commissioners.

SHEELY, P. J., June 14, 1937.—As a result of a raid made by the State Police upon an alleged cock fight 25 persons appeared before John H. Basehore, justice of the peace, and deposited the sum of $15 each for a hearing to be held before him on the following day. Each of said defendants was charged with violating section 1 of the Act of March 29, 1869, P. L. 22, amended by the Act of June 9, 1891, P. L. 260, 18 PS §3104.

None of said defendants appeared for a hearing, and the justice of the peace entered an order forfeiting the bail deposited with him. From the total amount of $375 in his hands he deducted costs in each case, amounting to $4.75, or a total of $118.75, leaving a balance of $256.25 to be disposed of. This amount was claimed by the County Commissioners of Adams County as forfeited bail and was also claimed by the Women's Pennsylvania Society for the Prevention of Cruelty to Animals, under the provisions of section 1 of the Act of March 29, 1869, supra.

Upon petition of the justice of the peace he was permitted to pay the balance of $256.25 into court, and a

rule was issued upon the county commissioners and the Women's Pennsylvania Society for the Prevention of Cruelty to Animals to show cause why they should not interplead as to the ownership and the proper disposition of said funds.

The statute under which the claim of the society is made provides that "all fines and penalties imposed" under the act shall be payable to any regular incorporated society for the prevention of cruelty to animals "bringing suit and prosecuting the charge." It is obvious that this money cannot be paid to the society. The money does not represent a "fine or penalty" imposed for a violation of the act, but represents money forfeited by reason of defendants' failure to appear for a hearing. Had defendants entered into a recognizance with surety for their appearance at the hearing before the justice of the peace and then failed to appear the amount of recognizance could have been recovered from the surety and defendants also rearrested and punished. In this case the cash bail simply took the place of defendants' surety on a recognizance and is neither a fine nor a penalty.

Another reason why the society is not entitled to the money is that it did not bring or prosecute the charge. The charge was brought and prosecuted by the State Police.

The money in hand must be distributed under the provisions of section 26 of the Act of July 30, 1842, P. L. 449, 8 PS §180. The justice of the peace should have returned all of the money instead of deducting his costs, but since he is entitled to his costs from the proceeds the result is the same. Under that act the balance of the money amounting to $256.25 must be paid to the County of Adams, after the payment of all costs incident to the present proceedings.

And now, June 14, 1937, it is ordered and decreed that the amount of $256.25, representing the money paid into court by John H. Basehore, justice of the peace, as forfeited deposits in lieu of bail, be and it is hereby directed

to be paid to the County Treasurer of Adams County, after the deduction of the costs and expenses of this proceeding.